**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF GEORGIA**

Donald Gay,

      Plaintiff,

v.

Civil Action No.

LLOYD J. AUSTIN III,
SECRETARY,
U.S. DEPARTMENT OF DEFENSE,

Jury Trial
Demand

      Defendant.

**COMPLAINT FOR DAMAGES,
DECLARATORY AND EQUITABLE RELIEF**

Plaintiff, by and through undersigned counsel files this Complaint for

Damages and Equitable Relief, and shows the Court as follows:

## I.    Preliminary Statement

1.    This action seeks actual damages, declaratory, injunctive and

equitable relief, compensatory damages, and costs and attorney's fees

for the disability discrimination, and reprisal and harassment suffered

by Plaintiff Donald Gay ("Mr. Gay") in his treatment by Defendant.

## II.    Jurisdiction

2.    This action is brought for disability discrimination, reprisal and

harassment under American with Disabilities Act and  Title VII of the
Civil Rights Act of 1964, as amended. The jurisdiction of this court is
invoked to secure protection and redress deprivation of rights secured
by federal law which prohibits discrimination against employees
because of their protected activities.

3.   The jurisdiction of this Court is invoked pursuant to its original
jurisdiction over cases and controversies arising under federal law,
pursuant to 28 U.S.C. § 1331, and all prerequisites to bringing this
suit have been met. This suit is properly before the court.

4.   Plaintiff made timely informal Equal Employment Opportunity
(hereinafter "EEO") contact regarding counseling the claims at issue
in this action on or about October 10, 2019, and Plaintiff subsequently
timely filed a formal complaint of discrimination on or about
November 7, 2019. *See Formal Complaint attached.*

5.   Plaintiff received the Decision and Order Entering Judgment on April
22, 2022, based on 29 CFR 1614.407 which grants Plaintiff the right
to file an individual complaint after 180 days from the date of filing an
individual or class complaint if an appeal has not been filed and final
action has not been taken. *See Decision and Order of Dismissal*

*attached.*

6.    Plaintiff was informed that he had a right to file a civil action, within
      ninety (90) calendar days from the date he received the decision. He
      files this action timely.

## III.    Venue

7.    This action properly lies in the United States District Court for the
      Middle District of Georgia, pursuant to 29 U.S.C. § 1391(b), because
      the claim arose in this judicial district, and pursuant to 42 U.S.C. §
      2000e-5(f)(3), because the unlawful employment practice was
      committed in this judicial district.

## IV.    Parties

8.    Plaintiff was a Store Worker (WG-6914-04) with the Department of
      Defense Commisary Agency ("DeCA")  in Dougherty County, GA at
      all relevant times.

9.    Plaintiff is a resident of Leesburg, GA and is a citizen of the United
      States.

10.   The Defendant is a federal government agency and has offices
      throughout the United States, including in Dougherty County,

Georgia. Defendant is an employer, engages in an industry affecting commerce, and, upon information and belief, employs more than 500 regular employees.

## V.    Facts

11.    Plaintiff was a Store Worker with the  DOD Commissary Agency in Albany, GA, and he occupied that position and with the Agency for one year and eleven months. Plaintiff was a full time employee of DeCA at all times relevant to this complaint.

12.    Plaintiff's  first-line supervisor  was Azalea Fluellen, Assistant Grocery Department Manager.

13.    Plaintiff's  second -line supervisor was Lawrence Few, Grocery manager.

14.    Plaintiff's third-line supervisors were Isaiah Blackmon, Store Manager and Sandra Vaughn, Store Director.

15.    Defendant's actions damaged Plaintiff and his reputation.

16.    Defendant is liable for its actions.

17.    In October 2018, Plaintiff engaged in protected activity when he reported that he had been sexually harassed by a store manager.

18.   On October 29, 2018, Plaintiff made initial contact with with the
      EEO office, reporting sexual misconduct/harassment by Ms.
      Tonya Landry, former Store Manager.

19.   In his statement, Plaintiff asserted that Ms. Landry grabbed him
      below the belt.

20.   Plaintiff further alleged that before grabbing him, Ms. Landry
      asked Plaintiff to accompany her into the walk in cooler. Once in
      the cooler, Ms. Landry swung her right hand past his groin and
      asked, "Are we good?"

21.   Ms. Vaughn investigated Plaintiff's report of sexual harassment.

22.   Around March 2019, Ms. Vaughn berated Plaintiff in front of a
      coworker, and told Plaintiff to shut up, do [his] job, and go home.

23.   Around May 2019, Ms. Vaughn got into Plaintiff's face, began
      hitting her hands together, and said "How many times do I have
      to tell you to shut your mouth?"

24.   On September 25, 2019, after a department meeting, Ms. Vaughn
      and Mr. Blackmon requested to meet with Plaintiff. Plaintiff
      requested to have a union representative present at that meeting.

Ms. Vaughn denied that request, stating that the union representative was not available.

25.   On September 25, 2019, after a verbal disagreement between Plaintiff and Mr. Blackmon, Mr. Blackmon told Plaintiff that if Plaintiff ever called him out again in the future, Mr. Blackmon would personally terminate Plaintiff.

26.   On or around September 25, 2019, Mr. Blackmon threatened employees with suspension if they did not write statements against Plaintiff regarding the verbal altercation that had occurred between Plaintiff and Mr. Blackmon.

27.   On or around September 26, 2019, Mr. Blackmon changed Plaintiff's work schedule without allotting Plaintiff the customary two week notice of the change.

28.   During the Plaintiff's employment, Mr. Blackmon was aggressive toward Plaintiff, and referred to himself as the "Head Nigga In Charge."

29.   Mr. Blackmon harassed Plaintiff by telling Plaintiff's wife that if
      Plaintiff filed an EEO complaint against Mr. Blackmon, "nothing
      would happen" and Mr. Blackmon would look forward to firing
      Plaintiff.

30.   On or around October 23, 2019, Mr. Blackmon required the
      Plaintiff to ask permission to use the restroom.

31.   On November 7, 2019, Plaintiff was terminated  from his position
      as Store Worker during the probationary period. The termination
      was wrongful.

## VI.   Count I: Violation of Title VII of the Civil Rights Act of 1964 based on race (harassment and disparate treatment).

32.   Plaintiff incorporates by reference the proceeding paragraphs of
      this complaint as if fully set forth herein.

33.   Any employment actions were not free from discrimination based
      on race and/or were because of race.

34.   The harassment was severe and/or pervasive.

35.   The harassment was based on race.

36.    The harassment was unwelcome.

37.    The harassment caused Plaintiff damages for which Defendant is
       responsible.

38.    Defendant subjected Mr. Gay to race discrimination and race-
       based harassment in violation of Title VII, causing Mr. Gay
       damages.

## VII.   Count II: Violation of Title VII of the Civil Rights Act of 1964 based on gender (harassment and disparate treatment).

39.    Mr. Gay incorporates by reference the proceeding paragraphs of
       this complaint as if fully set forth herein.

40.    Any employment actions were not free from discrimination based
       on gender and/or were because of gender.

41.    The harassment was severe and/or pervasive.

42.    The harassment was based on gender.

43.    The harassment was unwelcome.

44.    The harassment caused Plaintiff damages for which Defendant is
       responsible.

45.    Defendant subjected Mr. Gay to gender discrimination and gender-

based harassment in violation of Title VII, causing Mr. Gay

damages.

**VIII.  Count III: Violation of American with Disabilities  Act (ADA) – Harassment and Disparate Treatment**

46.    Plaintiff   incorporates  by  reference  the  proceeding  paragraphs  of  his complaint as if fully set forth herein.

47.    Plaintiff is a qualified individual with disabilities, specifically, Post

Traumatic Stress Disorder (PTSD).

48.    Plaintiff is member of a protected class.

49.    Defendant was aware of Plaintiff's disability.

50.    Plaintiff was qualified to perform his duties as a Store Worker.

51.    Any employment actions were not free from discrimination based

on disability and/or were because of disability.

52.    The harassment was severe and/or pervasive.

53.    The harassment was based on disability.

54.    The harassment was unwelcome.

55.    The harassment caused Plaintiff damages for which Defendant is

responsible.

56.    Defendant subjected Mr. Gay to disability discrimination and

disability-based harassment in violation of Title VII, causing Mr.

Gay damages.

**Count IV: Violation of Title VII of the Civil Rights Act of 1964 based on reprisal (harassment and disparate treatment).**

57.   Any employment actions were not free from discrimination based

on protected activity and/or were because of protected activity.

58.   The harassment was severe and/or pervasive.

59.   The harassment was based on protected activity.

60.   The harassment was unwelcome.

61.   The harassment caused Plaintiff damages for which Defendant is

responsible.

62.   Defendant subjected Mr. Gay to reprisal and retaliatory

harassment in violation of Title VII, causing Mr. Gay damages.

**Prayer for Relief**

63.   Wherefore, Plaintiff prays that this Court:

a.   declare the conduct engaged from the Defendant to be in

violation of his rights;

b.   enjoin the Defendant from engaging in such conduct;

    c.      award Mr. Gay actual and compensatory damages;

    d.      award Mr. Gay costs and attorney's fees; and

    e.      grant such other relief as it may deem just and proper

**Jury Demand**

64.    Plaintiff requests a jury trial on all questions of fact raised by this

Complaint.

Respectfully submitted today,

**SOUTHWORTH, P.C.**

_____

Shaun Southworth, Esq.
Georgia Bar No. 959122
Southworth P.C.
1100 Peachtree Street NE, Suite 200
Atlanta, GA 30309
Phone: (404) 585-8095
Fax: (404) 393-4129
shaun@southworthpc.com